[CHAMBERSBURG, NOVEMBER 1, 1828.]

KING and another *against* The Bank of Gettysburg.

IN ERROR.

Matters which would induce the court to stay proceedings on the bail bond, are not properly pleadable in bar.

If the defendant, after being arrested and giving bail bond, is discharged by the insolvent act, it is not necessary to enter special bail; the proper course is to enter a common appearance.

In such case, the plaintiff cannot be subjected to delay, because he may enter judgment if there is no appearance, or demand a plea if there is.

*Query,* whether the mere entry of an attorney's name on the margin of the docket, is a proper appearance in such case?

WRIT of error to the Court of Common Pleas of *Adams* county. In the Court of Common Pleas of *Adams* county, a *Capias* was issued to *November* Term, 1825, at the suit of the Bank of *Gettysburg,* against *Henry M. King,* in which he was arrested, and together with *Edward Kitchen,* gave the sheriff a bail bond. The present suit was brought on the bail bond to *August* Term, 1826.

(King and another *v.* The Bank of Gettysburg.)

The defendants pleaded, that at *August* Term, 1825, *Henry M. King* was discharged by the insolvent act, and so it became impossible for them to enter special bail, and surrender him as by the condition they were bound to do, but that the said *Henry M. King* entered an appearance at the return of the writ. The court below, by consent, heard the whole merits without regard to the pleadings, and decided in favour of the plaintiff.

It appeared, there was an entry of an attorney's name in the docket, on the margin, against the name of the defendant in the original action.

*Fuller*, for the plaintiffs in error.—The bail is released by the impossibility of surrendering the principal. Filing a *narr.*, &c. is a waiver of bail. 2 *Yeates*, 387. 4 *Binn.* 344.

*Stevens, contra.*—The course was on the return of the writ, to be, discharged on common bail, or on entering a common appearance. We lost more than a term by the course pursued.

PER CURIAM.—This case comes here in an unusual shape. Matters which would induce a court to stay proceedings on the bail bond, do not constitute a bar, and cannot be pleaded. They constitute a subject of legal discretion, and not of error. But the parties desire our opinion on the question made below, and this presents no difficulty. The material inquiry is, whether the plaintiff was delayed by the want of an appearance. The condition of the bond might have been literally performed, notwithstanding the privilege of the principal. But it would have been useless to enter special bail, as the bail would, at the same instant, have been entitled to an *exoneretur;* and the proper course, therefore, was to enter a common appearance. Whether the name of an attorney in the margin of the docket, without an explicit minute among the docket entries, be such an appearance, it is unnecessary to determine. Granting that it is not, yet the plaintiff lost no advantage by the want of an appearance, but had it in his power to gain one. With an appearance he could, at the second term, have demanded a plea; without one, he could demand judgment. If he was delayed, it was his own fault, and the court should have restrained him from proceeding further on the bail bond.

Judgment reversed.