[Philadelphia, December, 29, 1828.]

DUFFIELD and others *against* BRINDLEY and others.

An exemplification of a deed dated the 23d of *June*, 1696, acknowledged in open court on the 4th of *August*, 1696, and recorded the 27th of *October*, 1740, *held*, to be admissible in evidence, the original deed having been lost.

THIS was an ejectment for a lot of ground at the north-east corner of *Walnut* and *Fifth* Streets, in the city of *Philadelphia*, tried before Mr. Justice ROGERS, and a special jury at *Nisi Prius*, on the 24th of *November*, 1827.

The plaintiffs showed title in *Caleb Pusey*, and gave in evidence an exemplification of a deed from *Caleb Pusey* to *Daniel Jones*, which bore date 9th month 19th, 1690, was acknowledged in open court 10th month 2d, 1690, and was recorded 10th month 29th, 1690. The plaintiffs claimed as heirs of *Daniel Jones*.

The defendants contended that if *Daniel Jones* ever had any title to the premises in dispute, he had conveyed it to *David Lloyd*, by deed bearing date the 23d of *June*, 1696; and offered in evidence a paper purporting to be an exemplification of the said deed, which appeared to have been acknowledged in open court on the 4th of *August*, 1696, and recorded on the 27th of *October*, 1740. They produced the book of the Recorder of deeds of the city and county of *Philadelphia*, and showed about sixty instances in which deeds had been recorded under similar circumstances. To the paper thus offered the plaintiffs' counsel objected, but the court admitted the evidence, the plaintiff having leave to move for a new trial, on the ground that the paper was not competent evidence. A motion for a new trial was accordingly made, and the only question was, whether or not the evidence was properly admitted.

*Rawle*, jr., for the plaintiffs.—From the face of the paper it appeared, that the alleged deed was not acknowledged or proved in such a manner as to entitle it to be recorded, and consequently, an exemplification of it was not evidence. The objection is not captious and formal, but solid and substantial. This paper is offered instead of the deed itself, to show that the title has passed out of the plaintiffs' ancestor; and where a statutory substitution is made of such secondary evidence, for evidence of a primary character, the statute should be, at least substantially, complied with. If the original deed had been produced, it might have been liable to many objections apparent on the face of it, over which a veil is now drawn. A strict scrutiny, therefore, is called for; particularly in a case in which the exemplification shows, that the deed was not recorded until forty-four years after its date.

The act of 1715, 1 *Sm. L.* 94, prescribes the manner in which deeds shall be acknowledged or proved to entitle them to be re-

(Duffield and others *v.* Brindley and others.)

corded, and declares, that of all deeds *so enrolled*, exemplifications shall be evidence.    Unless, therefore, the acknowledgment or probate be according to the terms of the law, the enrolment avails nothing, either for the purpose of conveying notice to subsequent purchasers, or of making exemplifications evidence.    *Simon* v. *Brown*, 3 *Yeates*, 186.    *Heister* v. *Fortner*, 2 *Binn.* 40.    *Downing* v. *Gallagher*, 2 *Serg. & Rawle*, 455.    *Vickroy* v. *M'Knight*, 4 *Binn.* 209.    *Doe* v. *Roe*, 1 *Johns. Cas.* 402.    When the deed from *Jones* to *Lloyd* was recorded, the only act in force relating to the subject, was that of 1715.    Prior to that period, several acts had been passed, some of which had been repealed, some had expired by their own limitation, and others continued in force until the act of 1715 was passed, (*Province Laws*, Appendix, in which the several acts are to be found.)    The act of the 10th of *March*, 1683, *Prov. L.* App. 9, which directs deeds to be acknowledged in open court and enrolled, and makes exemplifications evidence; and that of *June*, 1693, *Prov. L.* App. 14, which declares that deeds need not be enrolled, but that if enrolled, exemplifications shall be evidence, were in force when the law of 1715 was enacted.    The act of 1715 was not a supplement to the existing laws, but introduced an entirely new system, providing differently for the same cases, and, therefore, excluding the operation of the old laws.    It contained no repeal in terms, but it was inconsistent with the pre-existing laws, and, therefore, repealed them.    6 *Bac. Ab.* 372.    *Rex* v. *Cator*, 4 *Burr.* 2026.    If, then, the paper was evidence, it must have been so by virtue of the act of 1715, with the provisions of which, it certainly does not comply.    The deed was acknowledged agreeably to the laws in force at that time, and, had it been recorded while those laws were in operation which authorized deeds *so* acknowledged, to be recorded, an exemplification would have been admissible.    But it was not recorded until many years after those laws had ceased to exist.    Having been duly acknowledged under a law which had been repealed, would not entitle it to be recorded under a subsequent law which required deeds to be acknowledged in a manner totally different, in order to be recorded.    The 2d and 3d sections of the act of 1715, declares, that before any deed shall be recorded, the grantor shall acknowledge it, or its execution shall be proved by two or more witnesses before a justice of the peace of the proper county or city where the lands lie, who shall, under his hand and seal certify, such acknowledgment or proof on the back of the deed, with the day and year when the same was made, and by whom; and the fifth section declares, that copies or exemplifications of all deeds *so enrolled*, shall be admitted in evidence.    The deed in question was not acknowledged or proved before a justice of the peace of the proper county, but in open court, and instead of being certified under the hand and seal of a justice, the seal of the court was affixed to the certificate which does not state by whom it was acknowledged.    It has, indeed, been held, that an acknowledgment

(Duffield and others *v.* Brindley and others.)

before a judge of the Supreme Court, is good; but that was upon the ground that the judges of that court are justices of the peace throughout the state. It does not, however, appear that the judges of the court before whom this acknowledgment was taken, were justices of the peace. The circumstance of the deed having been acknowledged agreeably to a pre-existing law, does not entitle it to be recorded under the act of 1715, which authorizes such deeds only to be recorded as shall be acknowledged or proved in the manner pointed out, and makes no provision for deeds already acknowledged or proved. If the evidence be rejected the defendants have no reason to complain. The fullest opportunity was afforded to have the deed in question regularly recorded. No less than 19 years elapsed after its acknowledgment before the passage of the act of 1715, and it was not until 25 years more had passed away that it was put on record. If under such circumstances it is in the power of a party to make a copy evidence, a wide door to fraud is opened. The fact that other deeds have been recorded under similar circumstances, does not prove a co-temporaneous construction of the law. The acts of interested individuals, who are endeavouring to repair the effects of their own laches, and to make evidence for themselves and those who are to come after them, cannot fairly be considered as giving a construction to the law. How little this sort of construction will weigh with the court, is shown in *Kirk* v. *Dean*, 2 *Binn.* 340, in which, although out of 611 conveyances by husband and wife after the act of the 24th of *February*, 1770, only 25 conformed to the provisions of the law, a majority of the court held that this could have no influence with them in construing the act. To say that the paper was admissible as an exemplification of an ancient deed, under which the possession has gone, is begging the question. There was no evidence whatever as to the possession.

The deed from *Pusey* to *Jones* is not liable to the same objection. It was recorded while the laws authorizing deeds acknowledged as that was, to be recorded, were in full force.

*Barclay*, (with whom were *Binney* and *Chauncey*,) for the defendants.

The plaintiffs' claim is a very stale one, and not entitled to any favour. More than 130 years have elapsed since those under whom they claim parted with their interest. The plaintiffs have never been in possession, nor have they ever had a right of possession. The defendants have always been in possession under their title. The court will presume every thing in their favour, even if the case be doubtful. *The Mayor of Hull* v. *Horner*, *Cowp.* 102. But in this case no doubt can possibly exist, because,

1. The deed from *Jones* to *Lloyd* was entitled to record under the act of assembly of 1693, and if so an exemplification was evidence.

2. The deed, even according to the plaintiffs' construction of the act of assembly, was entitled to record under the act of 1715.

(Duffield and others *v.* Brindley and others.)

3. It was evidence, being the exemplification of an ancient deed, which had been lost.

1. It is admitted that the original deed has been lost. The deed was acknowledged in open county court on the 23d of *June,* 1696, agreeably to the directions of the act of the 10th of *March,* 1683. (*Hall & Sellers' Edition of the Laws, Appendix,* 9,) and was entitled to record under the act of 1693. (*Hall & Sellers' Ed. of the Laws, App.* 14.) The law did not make it necessary to record any deed, but if recorded, it made an exemplification evidence. The act of 1693, has never been repealed. There is no repealing clause in the act of 1715, and no mode is pointed out by that act for the recording of deeds executed prior to 1715. The legislature, if they had intended to repeal the act of 1693, would have pointed out some mode for the record of deeds prior to that act; the repeal would have been stated expressly, if so intended. There is no incompatibility in the existence of the two laws together. A deed acknowledged prior to 1715, and acknowledged in conformity to the act of 1683, is entitled to record. That the construction the defendants contend for. is the true one, the records will show.

2. The deed was acknowledged before a justice of the peace, because the county court was held by justices of the peace, and by them only. *Act of the* 10th *of May,* 1684, *Sect.* 156, MS. *Act of* 1700, *Hall & Sell. p.* 4.

In support of the 3d point, that, as the exemplification of an ancient deed, the paper was evidence, he cited *Garwood* v. *Dennis,* 4 *Binn.* 314, particularly the opinion of C. J. TILGHMAN.

The opinion of the court was delivered by

SMITH, J.—It was truly observed on the argument here, that the claim of the plaintiffs, was a stale one, and not entitled to favour, for since the deed from *Daniel Jones,* (under whom the plaintiffs claim,) to *David Lloyd,* more than one hundred and thirty years have elapsed. At that time he parted with his interest in the lot of ground; and there is no evidence that he subsequently conveyed, or offered to convey, the property in dispute, to any other person, or ever claimed it; but the defendants, or those under whom they claim, have continued in the possession thereof under their title. The deed which is admitted to have been lost, appears to have been acknowledged in open court in *August,* 1696, according to an act of assembly of the 10th of *March,* 1683, and under an act of assembly passed in 1693, it might have been recorded. The act of 1715, does not in terms repeal the act of 1693, nor does it direct how deeds, executed and acknowledged before the year 1715, shall be recorded; and why then a deed acknowledged prior to the year 1715, and in conformity to the directions of the act of 1683, should not be entitled to record, I confess I cannot see. The plaintiff's deed was acknowledged in the same manner; other deeds of that period have been acknowledged in the same way, and recorded

(Duffield and others *v.* Brindley and others.)

after 1715, as appears from deed books produced by the defendants, in which more than sixty deeds were acknowledged as the defendants was, and recorded *after* the recording act of 1715.

In 1696, when this deed was acknowledged, the county court, before whom it was done, was held by the justices of the peace, and by no other persons, as appears from the 156th section of the act passed on the 10th day of *May*, 1684, and it may, therefore, with great propriety, be said, that the deed was, in fact, acknowledged before a justice of the peace, and this, it is admitted, would be a sufficient acknowledgment: if so, it is too late, at this time of day, to say, that the deed in question, was not duly recorded. If duly recorded, it is hardly necessary to add an exemplification thereof, was evidence.    We then have the case of a lost deed, bearing date in *June*, 1696, of course a very ancient deed, with which, it appears, the possession of the property has gone ever since. In such a case, a court presumes, after the lapse of so great a length of time, every thing to have been done correctly, as was decided by this court, in *Garwood* v. *Dennis*, 4 *Binn. Rep.* 314. On every principle of law applicable to this case, the exemplification of the deed was competent evidence: a new trial cannot, therefore, be granted; but the rule must be discharged, and judgment rendered for the defendants on the verdict.

New trial refused, and judgment for defendants.