FILED
United States Court of Appeals
Tenth Circuit

October 25, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VERNELL MITCHELL,

      Petitioner-Appellant,

v.

GARY WATKINS, Warden, L.C.F.;
COLORADO ATTORNEY GENERAL,

      Respondents-Appellees.

No. 07-1147

(D.C. No. 03-cv-01265-WDM-BNB)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Vernell Mitchell, a Colorado prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2254 petition for federal habeas relief. We grant Mitchell's application in part and deny it in part, and affirm the district court's denial of federal habeas relief with respect to the two claims on which we grant COA.

I.

In 1989, Mitchell was convicted in Colorado state court on two counts of first degree murder for the 1978 shooting deaths of his ex-girlfriend and a male companion, and was sentenced to consecutive life terms. Mitchell directly appealed to the Colorado Court of Appeals (CCA), which rejected all of his claims and affirmed the judgment. People v. Mitchell, 829 P.2d 409 (Colo. App. 1991). Mitchell filed a petition for certiorari with the Colorado Supreme Court (CSC), but that petition was denied. Thereafter, Mitchell made three unsuccessful attempts at seeking state post-conviction relief.

Mitchell filed his federal habeas petition on July 14, 2003, asserting eleven claims for relief:

> (1) the trial court violated his Sixth and Fourteenth Amendment rights by admitting hearsay statements of the female victim;
>
> (2) the trial court violated his right to testify;
>
> (3) the eleven-year delay between the murders and the time of his prosecution violated his Fourteenth Amendment rights;
>
> (4) ineffective assistance of trial counsel (based on five alleged failures);
>
> (5) the trial court violated his right to a fair trial by failing to give a limiting instruction regarding the testimony of one witness and the district attorney's closing arguments;

2

(6) the prosecution's knowing use of perjured testimony of one witness violated his right to a fair trial;

(7) ineffective assistance of post-conviction counsel;

(8) the trial court violated his Fourth and Fourteenth Amendment rights by allowing illegally obtained statements and evidence to be introduced at trial;

(9) ineffective assistance of appellate counsel;

(10) the Colorado courts violated his due process rights by failing to grant him liberal construction of his pro se post-conviction pleadings and in deeming his second application for post-conviction relief to be successive; and

(11) the Colorado courts violated his due process and confrontational rights by failing to allow him the ability to correct erroneous information contained in his appellate record.

The magistrate judge assigned to the case issued a lengthy and detailed report and recommendation recommending that Mitchell's petition be denied. After allowing Mitchell to file written objections to the report and recommendation, the district court rejected those objections, adopted the report and recommendation in full, and denied Mitchell's habeas petition. The district court subsequently denied Mitchell's request for a COA. Mitchell has now renewed his request for a COA with this court. Mitchell has also filed a motion to proceed in forma pauperis on appeal.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28

3

U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Here, the magistrate judge concluded, and the district court agreed, that seven of Mitchell's claims, as well as a portion of an eighth claim, were procedurally barred. In particular, the magistrate judge and district court concluded that:

> • Claims (1) and (3) were procedurally defaulted due to Mitchell's failure to present them to the CSC, Mitchell failed to establish cause for the procedural default, and the failure of the federal courts to consider the claims would not result in a fundamental miscarriage of justice;
>
> • Two of the bases for Claim (4), which alleged ineffective assistance of counsel, were unexhausted, subject to anticipatory procedural bar in state court, and Mitchell failed to establish cause for the default; and
>
> • Claims (5), (6), (8), (9) and (11) were unexhausted, subject to anticipatory procedural bar in state court, and Mitchell failed to establish cause for the default.

4

After examining the record on appeal, we agree that Claims (4), (5), (6), (8), (9), and (11) were procedurally barred and that no reasonable jurist could conclude either that the district court erred in dismissing these claims or that Mitchell should be allowed to proceed further on these claims. Thus, for substantially the same reasons set forth in the magistrate judge's report and recommendation, we deny Mitchell's request for COA with respect to these six claims.

We reach a different conclusion with respect to Claims (1) and (3). As noted, the district court concluded that these two claims were procedurally defaulted due to Mitchell's failure to present them to the CSC in the course of his direct appeal. Mitchell contends, however, that the district court failed to take into account the impact of Colorado Appellate Rule 51.1(a). That rule, which was adopted on May 18, 2006, prior to the district court's ruling, provides:

> In all appeals from criminal convictions or post-conviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Because we have not, to date, considered the impact of this rule, and because Mitchell and respondent each present credible arguments regarding its effect, we conclude that reasonable jurists could differ with respect to the district court's conclusion that Claims (1) and (3) were unexhausted and thus procedurally barred for

5

purposes of these federal habeas proceedings. Accordingly, we grant Mitchell's request for a COA with respect to these two claims and address them in more detail below.

As for the remaining four claims presented by Mitchell in his federal habeas petition, the magistrate judge and district court addressed and rejected them on the merits, concluding, in pertinent part:

> • as to Claim (2), the CCA determined that competent evidence existed to support the trial court's finding that Mitchell understood his right to testify and voluntarily waived that right, and Mitchell, in seeking federal habeas relief, had failed to rebut those findings by clear and convincing evidence, as required by 28 U.S.C. § 2254(e)(1);
>
> • as to Claim (4), the Colorado appellate courts rejected on the merits Mitchell's claims that his trial counsel was ineffective for failing to (a) present testimony from the police officers with whom a witness claimed he had collaborated, (b) timely object to a portion of the prosecutor's closing argument, and (c) present evidence to support Mitchell's theory that the murders occurred during a robbery of the victims, and those determinations were neither contrary to, nor an unreasonable application of, the principles outlined in Strickland v. Washington, 466 U.S. 668 (1984);
>
> • Claim (7) failed to state a valid basis for federal habeas relief because neither the Constitution nor federal law provides for a right to counsel in state post-conviction proceedings; and
>
> • Claim (10) also failed to state a valid basis for federal habeas relief because it focused exclusively on the state courts' procedural handling of his applications for post-conviction relief, rather than the underlying judgment which provided the basis for Mitchell's incarceration.

We conclude, upon review, that no reasonable jurist "could debate whether (or, for that matter, agree that)" any of these claims "should have been resolved in a different manner or that [they] were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted). We therefore deny Mitchell's request for

6

a COA with respect to these claims.

## III.

Having granted a COA with respect to Claims (1) and (3), we now proceed to address those claims in more detail. As noted, the district court concluded that these claims were unexhausted due to Mitchell's failure to present them to the Colorado Supreme Court, and, in turn, that they were subject to what we have termed anticipatory procedural bar. See Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (describing the concept of anticipatory procedural bar). Mitchell strenuously disputes these conclusions, contending that the adoption of Colorado Appellate Rule 51.1(a) retroactively obviated any need for him to have presented these two claims to the Colorado Supreme Court. We conclude it is unnecessary to resolve this question because, even assuming Mitchell sufficiently exhausted the claims, there is no merit to either of them.

It is undisputed that Mitchell filed his federal habeas petition well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Thus, AEDPA's provisions apply to this appeal. See McLuckie v. Abbott, 337 F.3d 1193, 1197 (10th Cir. 2003). Under AEDPA, if a claim was adjudicated on the merits by the state courts, the petitioner will be entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding," id., §

2254(d)(2). "When reviewing a state court's application of federal law, we are precluded

from issuing the writ simply because we conclude in our independent judgment that the

state court applied the law erroneously or incorrectly." McLuckie, 337 F.3d at 1197.

"Rather, we must be convinced that the application was also objectively unreasonable."

Id.

In Claim (1), Mitchell contends that the state trial court violated his Sixth

Amendment right to confrontation by admitting two statements the female murder victim

made prior to her death, one to her mother and another to her daughter. The Colorado

Court of Appeals (CCA) considered and rejected this claim on the merits in the course of

resolving Mitchell's direct appeal. People v. Mitchell, 829 P.2d 409, 411-12 (Colo. App.

1991).

At the time of the CCA's decision, the "clearly established federal law" governing

Confrontation Clause claims was the Supreme Court's decision in Ohio v. Roberts, 448

U.S. 56 (1980). See Stevens v. Ortiz, 465 F.3d 1229, 1235-38 (10th Cir. 2006) (noting

that we must identify and apply the clearly established Supreme Court precedent existing

at the time the defendant's conviction became final). Roberts held that a testimonial

hearsay statement was admissible only if the declarant was unavailable and the statement

either (a) satisfied "a firmly rooted" exception to the hearsay rule or (b) bore

"particularized guarantees of trustworthiness." 448 U.S. at 66.

In addressing Mitchell's Sixth Amendment claim, the CCA expressly recognized

8

and applied the Roberts test. 829 P.2d at 411-12. In doing so, the CCA first noted that the declarant (the female murder victim) was unavailable. Id. at 412. The CCA then concluded that the two challenged statements fell within the scope of a firmly rooted exception to the hearsay rule, i.e., the excited utterance exception:

> The excited utterance exception was deduced initially by Wigmore from his analysis of res gestae cases. *See* 6 J. Wigmore, *Evidence* §§ 1745-1764 (3d ed. 1940), and "finds abundant support in the decided federal cases." J. Weinstein & M. Berger, *Weinstein's Evidence*, § 803(2)[01] (1990). *Res gestae* first came into common use in the early 1800's as a "convenient escape" from the hearsay objection. *See* 6 J. Wigmore, *Evidence* § 1767 (3d ed. 1940).
>
> The rationale for the excited utterance exception, similar to that used in early *res gestae* cases, is that the declarant's powers of reflection and ability to fabricate or misrepresent the events observed are momentarily suspended while the declarant is under the stress of excitement from a startling event. (citation omitted).

> Excited utterances withstand confrontation clause challenges because, as the Supreme Court noted in *Idaho v. Wright*, [497 U.S. 805 (1990)]:
>> "The basis for the 'excited utterance' exception for example, is that such statements are given under circumstances that eliminate the possibility of fabrication, coaching, or confabulation, and that therefore the circumstances surrounding the making of the statement provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous."

> Consequently, because of their historical efficacy and inherent guarantees of trustworthiness, we hold that excited utterances, as defined by CRE 803(2), are firmly rooted and have the "solid foundation" to which the Supreme Court in *Ohio v. Roberts*, *supra*, referred as permitting an inference of reliability. (citation omitted).

> Thus, here, admission of [the female murder victim's] excited utterances both to her mother and her daughter comported with the confrontation clause . . . .

9

Id.

We conclude, applying the AEDPA standards of review, that the CCA's resolution of Claim (1) was neither contrary to, nor an unreasonable application of, the principles outlined in Roberts. We in turn conclude that Mitchell is not entitled to federal habeas relief on this claim.

That leaves Claim (3), in which Mitchell asserts that the eleven-year delay between the time of the murders and his being charged in state court violated his rights to due process and fundamental fairness. The CCA considered and rejected this claim on the merits in the course of addressing Mitchell's direct appeal. Mitchell, 829 P.2d at 413-14. The CCA concluded Mitchell had not shown that the delay prejudiced his defense, and further that Mitchell essentially caused the delay in his prosecution by procuring a false alibi from his girlfriend.

Our first task is to determine the "clearly established federal law" applicable to this claim. In United States v. Marion, 404 U.S. 307 (1971), the Supreme Court held that statutes of limitations provide "the primary guarantee . . . against bringing overly stale criminal charges," id. at 322 (internal quotation marks omitted), but also acknowledged that the Due Process Clause "would require dismissal of [an] indictment if it were shown at trial that the pre-indictment delay . . . caused substantial prejudice to [the defendant's] right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." Id. at 324. The Supreme Court subsequently addressed the issue of pre-indictment delay in United States v. Lovasco, 431 U.S. 783 (1977). There, the Court

10

reaffirmed its decision in Marion, holding "that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." Id. at 790. The Court also held that prosecutors do not violate principles of due process "when they defer seeking indictments until they have probable cause to believe an accused is guilty . . . ." Id. at 791. More specifically, the Court held "that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." Id. at 796.

We readily conclude that the CCA's rejection of Mitchell's pre-charge delay claim was neither contrary to, nor an unreasonable application of, the principles outlined in Marion and Lovasco. In addition to its detailed explanation of why Mitchell was not prejudiced by the delay in light of what it described as the "consistent and compelling" evidence against him, the CCA noted that Mitchell had conceded "the delay was not purposeful or intended to prejudice him." Mitchell, 829 P.2d at 414. That concession alone establishes that there was no due process violation. Accordingly, we conclude Mitchell is not entitled to federal habeas relief on Claim (3).

IV.

Mitchell's request for a COA is GRANTED in part and DENIED in part. The judgment of the district court with respect to Claims (1) and (3) in Mitchell's federal habeas petition is AFFIRMED. Mitchell's motion for leave to proceed on appeal in

forma pauperis is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge