FILED
United States Court of Appeals
Tenth Circuit

November 5, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NORMAN GARCIA,

      Petitioner - Appellant,

v.

FRED FIGUEROA; JOHN SUTHERS,
The Attorney General of the State of
Colorado,

      Respondents - Appellees.

No. 10-1356
(D.C. No. 1:07-CV-02514-MSK)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Norman Garcia, a state inmate appearing pro se, seeks

a certificate of appealability ("COA") allowing him to appeal the district court's

denial of his application for a writ of habeas corpus. 28 U.S.C. § 2253; 28 U.S.C.

§ 2254. For this court to issue a COA on a habeas claim denied on the merits,

Mr. Garcia must make a "substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate that

"reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For a

habeas claim denied on procedural grounds, Mr. Garcia must show "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id. Because we conclude that Mr. Garcia has failed to make a "substantial showing of the denial of a constitutional right," we deny a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

In 2004, Mr. Garcia was convicted of six counts involving sexual assault on a child, and was sentenced to concurrent terms, the longest of which was 24 years to life, and lifetime parole. 1 R. 5. The Colorado Court of Appeals affirmed his conviction on direct appeal. Id., 89 (People v. Garcia, No. 04CA1606 (Colo. Ct. App. Oct. 26, 2006)). He sought rehearing which was denied on July 19, 2007, with the mandate issuing on September 5, 2007. Id., 113, 115. The instant application was filed December 3, 2007.

The federal district court denied Mr. Garcia's application on alternative bases, one procedural and one substantive. The district court first held that Mr. Garcia had failed to exhaust his state remedies by not seeking certiorari from the Colorado Supreme Court and was procedurally barred from correcting this failure. See Garcia v. Figueroa, 2010 WL 2692172, at *4-*6 (D. Colo. July 6, 2010). On the merits, the district court held that the Colorado Court of Appeals' decision correctly affirmed the denial of Mr. Garcia's Miranda claim. Id. at *4, *6-*9. We have yet to rule on the effect of Colo. R. App. P. 51.1(a) which obviates the need to seek certiorari, see Mitchell v. Watkins, 252 F. App'x 874, 877 (10th Cir.

Oct. 25, 2007) (unpublished).  We need not do so in this case, and instead deny a COA on the merits.

Mr. Garcia's <u>Miranda</u> claim is governed by a deferential standard of review.  Federal courts may grant state prisoners' habeas petitions only if the State court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>see</u> <u>T. Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). Additionally, state court findings of fact are presumed correct; a defendant has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

As the state court recognized, <u>Miranda</u> warnings are required only when a suspect is subjected to "custodial interrogation."  <u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966).  A suspect is in "custody" if, under the totality of the circumstances, someone in the suspect's position "would reasonably believe her freedom of action had been curtailed to a 'degree associated with a formal arrest.'" <u>United States v. Griffin</u>, 7 F.3d 1512, 1518 (10th Cir. 1993) (quoting <u>California v. Beheler</u>, 463 U.S. 1121, 1125 (1983)).  Courts consider several factors in making this determination: whether the suspect was made aware that he

could decline to answer questions; the nature of the questioning, particularly its length; and whether the interview took place in a "police dominated atmosphere." Id. at 1528-19.

In this case, the facts relied upon by the Colorado courts support a finding that Mr. Garcia was not in custody. Mr. Garcia was made aware that he could decline to answer questions, 1 R. 91; the questioning lasted approximately two hours, and at one point Mr. Garcia asked the detective to stay and complete the interview, id., 92; and the interview took place in a social services building with a plainclothes detective who did not brandish a weapon or otherwise assert his law-enforcement authority. Id., 92, 94. Although (1) a police officer issued Mr. Garcia a "Notice to Appear" at his residence the day before the questioning, which may have led Mr. Garcia to believe that he was going to be arrested, and (2) Mr. Garcia was told that he did not need an attorney, these factors are part of the "totality of the circumstances" courts must examine to determine whether Miranda warnings are necessary. Griffin, 7 F.3d at 1518 (citation omitted).

The Colorado Court of Appeals identified appropriate factors supporting the state trial court's conclusion that Mr. Garcia was not in custody. 1 R. 94. It noted that the questioning occurred at a social services center, Mr. Garcia was told at the beginning of the interview that he was not required to answer any questions, he was not restrained, and the detective made no threats, but spoke to Mr. Garcia calmly. Id., 95. Given the deferential standard of review, no

reasonable jurist could conclude that federal district court's assessment of Mr.

Garcia's habeas petition was wrong.

Accordingly, we DENY Mr. Garcia's request for a COA, DENY IFP, and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge