**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff–Appellee,

　　v.

CLAUDE WHITE,

　　　　　Defendant–Appellant.

No. 10-3338

(D.C. No. 2:09-CR-20143-CM-3)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

After examining defense counsel's *Anders* brief, Appellant's response, and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Appellant Claude White pled guilty to bank robbery, attempted bank robbery, and using and carrying a firearm in furtherance of a crime of violence. The district court calculated an advisory guideline range of 130-162 months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment for the bank robbery counts, plus a mandatory minimum sentence of 60 months for the 18 U.S.C. § 924(c) firearm count. The court then imposed a mid-range sentence of 144 months on the robbery counts. Combined with the consecutive § 924(c) sentence, this resulted in a total sentence of 204 months.

On appeal, Appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no meritorious grounds for appeal. In response, Appellant filed a letter requesting additional time to respond to the *Anders* brief. Although Appellant was granted an extension of time to respond, he never filed additional responsive materials. However, his initial letter to the court identified the issues he wanted to pursue on appeal, which we address below. The government declined to file an answer brief.

After conducting "a full examination of all the proceedings," *id.* at 744, we agree with defense counsel that Appellant has no non-frivolous grounds to raise in this appeal. The first potential issue Appellant identifies for appeal is a challenge to the effectiveness of his attorney. However, "the preferred avenue for challenging the effectiveness of counsel in a federal criminal case [i]s via collateral attack," *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993), and we are persuaded this case falls within our general rule against resolving ineffective assistance claims on direct appeal.

Appellant's response letter also identifies three potential challenges to the

procedural reasonableness of his sentence, but we conclude that these challenges do not raise a non-frivolous issue for appeal. Appellant first argues the court erred in imposing a five-level enhancement for firearm possession during the successful bank robbery, since his corresponding § 924(c) firearm charge was dismissed pursuant to the plea agreement.[1] However, the facts underlying a dismissed count may be considered relevant conduct during a sentencing proceeding, *see United States v. Svacina*, 137 F.3d 1179, 1184 (10th Cir. 1998), and we see no error in the application of this enhancement. On the basis of the record before us, we also see no error in the calculation of Appellant's criminal history. As for Appellant's final allegation of error, this appears to be a challenge to the consecutive nature of his 60-month § 924(c) sentence. However, the district court was mandated by statute to run this sentence consecutively, *see* 18 U.S.C. § 924(c)(1)(D)(ii), and it acted in accordance with this mandate.

The record likewise reveals no meritorious appellate issues regarding the substantive reasonableness of Appellant's sentence. Defense counsel suggests that Appellant could potentially raise a substantive reasonableness challenge based on the disparity between his sentence and the sentence received by his co-defendants, but this disparity is explained by his more extensive criminal history

---

[1] The § 924(c) charge to which Appellant pled guilty related to his attempted robbery, not the successful robbery. Pursuant to USSG § 2K2.4 Application Note 4, no enhancement was applied for Appellant's firearm possession during the attempted robbery.

and would not support a reasonableness challenge in any event.  *See United States v. Rojas*, 531 F.3d 1203, 1209-10 (10th Cir. 2008).  Nor do we see any other basis in the record for Appellant to rebut the presumption of reasonableness attached to his within-guidelines sentence.

Because our review of the record persuades us that Appellant can raise no meritorious issue on appeal, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.  Counsel's motion to supplement the record on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge