FILED
United States Court of Appeals
Tenth Circuit

February 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELMER MARAVILLA, a/k/a Elmo,

Defendant - Appellant.

No. 11-5029
(D.C. No. 4:10-CR-00022-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Defendant-Appellant, Elmer Maravilla, pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(viii). 1 R. 22-29, 85-98. He was sentenced to 145 months imprisonment followed by eight years of supervised release. 1 R. 187-88. He now appeals. We have jurisdiction pursuant to 28

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

Background

A grand jury indicted Mr. Maravilla on federal drug and firearm charges on February 2, 2010.  1 R. 22-35.  Mr. Maravilla entered into a plea agreement waiving his right to appeal his conviction and sentence, 1 R. 87, however the government does not seek to enforce the waiver as to sentencing issues. Apparently, the parties agreed to allow Mr. Maravilla to appeal disputed sentencing issues (the government tells us this provision was omitted through scrivener's error).  Aplee. Br. 2 n.1.  As part of the plea agreement, the government agreed to dismiss remaining counts, including a firearms charge, 18 U.S.C. § 924(c).  1 R. 91.  Mr. Maravilla objected to portions of the Presentence Report, but the sentencing court overruled each of Mr. Maravilla's objections.

Mr. Maravilla's counsel filed an <u>Anders</u> brief in this court, stating that he recognized "no valid objection to the plea waiver" or "no non-frivolous issues" and could find "no valid reason to challenge the **plea agreement**."  Aplt. Br. at 5 (emphasis added).  Obliquely, he also identified several potential sentencing issues. <u>Id.</u>  On appeal, Mr. Maravilla challenges the enhancement of his offense level on the grounds that (1) he was a leader or organizer; (2) he was responsible for the drug transactions of others; (3) the drug quantity was over 35 grams (36.34 grams) of actual methamphetamine; and (4) he possessed a firearm in

- 2 -

relation to drug transactions. He also claims that his criminal history category was improperly increased based on two dated convictions (which are 16- and 17-years-old, respectively); and (6) denies that he is currently a member of a street gang though he was as a youth. Id. at 5-6. Mr. Maravilla filed objections to counsel's Anders brief on September 30, 2011. See United States v. Maravilla, No. 11-5029 (10th Cir. Sept. 30, 2011). He amplifies contention (4) above by arguing that the plea agreement was breached, specifically the agreement to dismiss the gun count, when his offense level was enhanced for the same conduct. He also urges the court to decide the appeal on the merits because the government did not file a motion to enforce the plea agreement, specifically, the waiver provision. We will decide the appeal on the merits.

Discussion

When reviewing the district court's application of the sentencing guidelines, the court of appeals reviews legal questions de novo and factual findings for clear error, "giving due deference to the district court's application of the guidelines to the facts." See United States v. Maestas, 642 F.3d 1315, 1319 (10th Cir. 2011) (quoting United States v. Doe, 398 F.3d 1254, 1257 (10th Cir. 2005)).

Having reviewed the record, we conclude that the district court's factual findings on Mr. Maravilla's various claims of sentencing error, 1 R. 99-112, are

- 3 -

not clearly erroneous and are supported by a preponderance of the evidence.  2 R. 197-204.

First, Ms. Larson, Mr. Stage, Ms. Sisemore, and Mr. McIntosh's testimony confirmed that Mr. Maravilla was, indeed, in a supervisory role over the drug transactions, involving 36.34 grams of methamphetamine.  See, e.g., 2 R. 52, 53, 82, 85, 128, 129; U.S.S.G. § 1B1.3(a)(1)(B).  Pursuant to the Sentencing Guidelines, "an individual convicted of conspiracy to distribute is liable . . . for all amounts handled by other conspirators that are within the scope of the agreement and reasonably foreseeable to the defendant."  United States v. Asch, 207 F.3d 1238, 1245 n.7 (10th Cir. 2000).  Given the nature of the conspiracy and the testimony, the district court's finding that Mr. Maravilla was involved in transactions involving 36.34 grams of methamphetamine, or that the transactions were "reasonably foreseeable," find support in the record.

Second, the testimony by the same witnesses suggests that Mr. Maravilla was responsible for the drug transactions of others.  See, e.g., 2 R. 116, 117, 128, 129, 198-200.  Furthermore, Ms. Sisemore testified that she saw Mr. Maravilla with a firearm on more than one occasion, 2 R. 98-101, and an undercover agent observed a black pistol in Mr. Maravilla's waistband during a drug transaction.  Id. at 200-01.  The plea agreement did not preclude a firearms enhancement, even though the § 924(c) charge was dismissed.  See 1 R. 88, 91; 2 R. 228-30 (plea colloquy); see also United States v. White, 433 Fed. App'x 681, 682 (10th Cir.

2011) ("Appellant first argues the court erred in imposing a five-level enhancement for firearm possession during the successful bank robbery, since his corresponding § 924(c) firearm charge was dismissed pursuant to the plea agreement.  However, the facts underlying a dismissed count may be considered relevant conduct during a sentencing proceeding . . . .").  Next, Mr. Maravilla was properly assessed additional criminal history points for prior drug sentences.  According to U.S. Sentencing Guidelines §§ 4A1.2(e)(1) & (k), because Mr. Maravilla's release from incarceration took place within fifteen years of the current offense, and the prior offenses were separated by an intervening arrest, see United States v. Wilson, 41 F.3d 1403, 1404-05 (10th Cir. 1994), they can be considered separately and may be factored into his sentence, 2 R. 201-04.  Finally, testimony supports the fact that Mr. Maravilla was still an active member in the MS-13 gang.  See 2 R. 96-97, 156, 204.

For the foregoing reasons, the conviction and sentence reflected in the judgment are AFFIRMED.  Counsel's motion to withdraw is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge