FILED
United States Court of Appeals
Tenth Circuit

May 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELMER MARAVILLA,

Defendant - Appellant.

No. 13-5125
(D.C. Nos. 4:12-CV-00449-JHP-TLW
and 4:10-CR-00022-JHP-1)
(N.D. Okla.)

**ORDER**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Elmer Maravilla, proceeding pro se, requests authorization to file a successive motion under 28 U.S.C. § 2255(h)(1) based upon recently learning that his copy of the indictment contained a final page showing two "irregularities": (1) an electronic signature for the grand jury foreperson, "*/s/Grand Jury Foreperson*"; and (2) a lack of any notation

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument wouldn't be of material assistance in the determination of this case. *See* Fed. R. App. P. 34(a) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

showing that 12 grand jurors voted to indict.[1] We deny his request for a successive § 2255

motion because neither of his asserted grounds satisfies the standard for newly discovered

evidence set forth in § 2255(h)(1).[2]

BACKGROUND

In May 2010, Maravilla pleaded guilty to one count of his seven-count indictment,

conspiracy to possess with intent to distribute and to distribute 50 grams or more of a

mixture or substance containing a detectable amount of methamphetamine. *United States*

*v. Maravilla*, 458 F. App'x 764, 765 (10th Cir. 2012). In exchange, the government

dismissed the remaining six counts, including one for possessing a firearm in furtherance

of a drug-trafficking crime under 18 U.S.C. § 924(c). *Maravilla*, 458 F. App'x at 765.

Maravilla is now serving a 145-month sentence. *Id.*

In March 2011, Maravilla filed an appeal, challenging certain guideline enhancements

and criminal history points. *Id.* at 765–66. In February 2012, this Court affirmed his

conviction and sentence. *See id.* at 767.

In August 2012, Maravilla filed a motion under § 2255. First, he complained that his

counsel had failed by allowing a two-level firearm enhancement under United States

Sentencing Guidelines § 2D1.1(b)(1) after dismissal of the § 924(c) charge. *United States*

---

[1] The indictment's last page also contained the seventh charge against Maravilla, but he doesn't premise any error on his supposedly lacking that information.

[2] It is not necessary to rule on Maravilla's *in forma pauperis* motion as the Tenth Circuit doesn't collect appellate filing fees for successive § 2255 motion authorization requests.

*v. Maravilla*, No. 10-CR-0022-JHP, 2013 WL 3791504, at \*4 (N.D. Okla. July 19, 2013). Second, he complained that his "guilty plea was unlawfully induced" because he'd pleaded guilty thinking that the firearm was off-limits for sentencing after dismissal of the § 924(c) charge. *Maravilla*, 2013 WL 3791504, at \*4. The district court denied the motion, finding that (1) the magistrate judge had informed Maravilla of the consequences of the plea agreement at his change-of-plea hearing; and (2) Maravilla was procedurally barred from objecting to the firearm enhancement because he'd failed to appeal that issue. *Id.* at \*2, \*6–\*7.

In September 2013, Maravilla filed a notice of appeal from the denial of this § 2255 motion. This appeal is now before us. Unsurprisingly, his brief's title suggested that he was applying for a certificate of appealability, but, oddly, it "alternatively" claimed to be a motion under 28 U.S.C. § 2244(b)(3) to file a successive § 2255 motion. Appellant's Br. 1. In the body of the brief, Maravilla clarified his desired relief, asking that we "recharacterize his Application For A Certificate of Appealability and construe it as a Petition For Permission to File a Second or Successive §§ [sic] 2255 Motion." *Id.* at 8. For two reasons, we will accede to Maravilla's wishes and treat the instant filing as a request to file a successive § 2255 motion: (1) he acknowledges that he is unlikely to qualify for a certificate of appealability based on the grounds raised in his first § 2255 motion; and (2) he alleges no error related to the denial of his first § 2255 motion.[3] *See*

---

[3] Because we construe Maravilla's filing as a request for authorization to file a successive § 2255 motion and not an appeal of his first § 2255 motion, we don't need

(continued)

*United States v. DeMeulenaere*, 386 F. App'x 780, 783 (10th Cir. 2010) ("To the extent that [movant] presents claims that were not presented in his original § 2255 motion, we may liberally construe his pleadings to treat them as an implied application to this court for leave to file a second § 2255 motion." (internal quotation marks omitted)).

As part of his recharacterizing his legal course as a second or successive motion under § 2255(h)(1), Maravilla abandoned his earlier issues but pursued a new one. For the first time, he now asserts that "newly discovered evidence"—his alleged recent discovery of the indictment's final page—shows two "irregularities" that render his conviction invalid. As "irregularities," he cites to the indictment's last page having what he considers an improperly redacted or forged electronic signature for the grand jury foreperson; and its having nothing establishing that at least 12 jurors approved it as required by Federal Rule of Criminal Procedure 6(f). He argues two grounds of relief based on these alleged flaws: that his counsel was ineffective for not moving for dismissal based on the irregularities; and that the district court erred by proceeding without jurisdiction because the indictment itself didn't establish that 12 grand jurors had voted in favor of the indictment.

## DISCUSSION

A circuit court of appeals may authorize a successive motion under § 2255(h). 28 U.S.C. § 2244(b)(3)(A), (C). By its language, § 2255(h)(1) requires that before the court

---

to consider the untimeliness of Maravilla's notice of appeal—i.e., his noncompliance with the prisoner mailbox rule. *See* Fed. R. App. P. 4(c)(1).

- 4 -

can award relief this panel must certify that Maravilla's motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Maravilla's motion doesn't meet this standard.

We find it unlikely that his recent discovery of his indictment's last page even constitutes "newly discovered evidence." He admitted at his plea hearing that he had received a copy of the indictment, that he had read it, and that he didn't want it read to him again in open court. *See* Brian R. Means, *Federal Habeas Manual* § 11:27 (2013) ("Evidence that was previously known to petitioner is not 'newly discovered.'"). If the last page of his indictment had actually been missing, we'd expect that he would have noticed that his copy only contained six counts instead of seven and that it lacked any indicia of the requisite signatures. He could have requested another copy from counsel during the district court proceedings or on direct appeal, or he might have expressed confusion when the district court questioned him at his plea hearing. Nothing suggests that he did either. Regardless, even if the alleged discovery did amount to new evidence, Maravilla's claims would fail.

Maravilla's claims aren't probative of his innocence because neither amounts to a fatal flaw in his indictment that would have divested the district court of jurisdiction. First, despite Maravilla's saying otherwise, the indictment isn't invalid because his copy has an electronic signature for the grand jury foreperson. *See Hobby v. United States*, 468

U.S. 339, 345 (1984) ("Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."). Federal Rule of Criminal Procedure 6(c) requires the foreperson to "sign all indictments." But it says nothing about how that signature must be presented. Under the local rules for the Northern District of Oklahoma, the foreperson's actual signature must be redacted from the public docket. N.D. Okla. Local Civil Rule 47.1(g)(3)(B). The clerk of court retains a sealed hard copy of the original indictment with the written signature. *Id.* This appears to be exactly what happened here.

Second, Maravilla offers no authority to support his claim that the indictment itself must establish that 12 or more grand jurors voted in favor of the indictment. In fact, his claims run counter to the relevant authority. "[Rule 6(c)] affirms that the well-established rule of grand jury secrecy includes the voting record of the grand jurors. It seems apparent that in adopting Rule 6(c) Congress made the policy decision that the record revealing the number of grand jurors concurring to indict should remain secret absent a particularized, discrete showing of need." *United States v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 755–56 (10th Cir. 1992) (citations omitted). Maravilla made no showing of a need for disclosure, so the voting record correctly stayed closed. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.").

Furthermore, the indictment's not including a voting tally of the grand jurors doesn't render it invalid. "There is a presumption of regularity that attaches to grand jury proceedings." *United States v. Kilpatrick*, 821 F.2d 1456, 1473 (10th Cir. 1987). Federal Rule of Criminal Procedure 6(f) allows a grand jury to "indict only if at least 12 jurors concur," but the rule doesn't require that this be shown on the indictment itself. The grand jury foreperson's signature is de facto evidence that 12 jurors concurred in the result, because otherwise the foreperson would have to submit a "lack of concurrence" to the magistrate judge—which didn't happen here. Fed. R. Crim. P. 6(f). Because Maravilla presents no evidence to refute the presumption of regularity, his argument must fail.

Moreover, Maravilla's indictment claims, even if proven, wouldn't bear on his actual factual innocence—they would go to his legal innocence. *See Black's Law Dictionary* 859 (9th ed. 2009) (defining legal innocence to include procedural defects invalidating a conviction). Although neither the Supreme Court nor the Tenth Circuit has directly passed on the issue, our sister circuits interpret § 2255(h)(1) to require new evidence of actual factual innocence. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1282 (11th Cir. 2013) (stating that § 2255(h)(1) allows "a claim of *actual innocence* based on newly discovered evidence" (emphasis added)); *Gilbert v. United States*, 640 F.3d 1293, 1318 (4th Cir. 2011) (en banc) (same); *cf. Prost v. Anderson*, 636 F.3d 578, 583–84 (10th Cir. 2011) ("Congress has specified that only certain claims it has deemed particularly important—those based on newly discovered evidence *suggestive of*

*innocence . . .* —may be brought in a second or successive motion." (emphasis added)). Maravilla fails to present any evidence of actual factual innocence.

We conclude that his discovery of the indictment's last page and the "irregularities" he contrives from it are likely not new evidence and don't prove the indictment's invalidity, which means they are insufficient to enable Maravilla to proceed under § 2255(h)(1).

## CONCLUSION

Finding that Maravilla hasn't met the required showings to file a successive motion under § 2255(h)(1), we deny him authorization to do so. This denial of authorization "shall not be appealable and shall not be subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

Gregory A. Phillips
Circuit Judge