**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

vs.

CRAIG ALAN DEMEULENAERE,

       Defendant - Appellant.

No. 06-8030
(D.C. No. 05-CR-108-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Craig Demeulenaere appeals the sentence imposed by the district court for his convictions for possessing with intent to distribute over 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(B) (count 1) and distributing less than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count 2). After a jury found him guilty on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

these two counts, the district court sentenced Mr. Demeulenaere to concurrent terms of 68 months imprisonment followed by concurrent terms of three years supervised release. Mr. Demeulenaere was acquitted of a third count, possession with intent to distribute cocaine. On appeal, he argues that the court impermissibly enhanced his sentence based on acquitted conduct and uncharged misconduct, thus violating his right to due process of law, to be free of double jeopardy, and his right to trial by jury. He further argues that his sentence is unreasonable because he was sentenced for acquitted conduct. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

Using a confidential informant, agents from the Wyoming Division of Criminal Investigation set up a controlled purchase of methamphetamine from Mr. Demeulenaere. The transaction proceeded as intended and Mr. Demeulenaere was arrested. Agents then obtained a warrant to search Mr. Demeulenaere's home. During the search, the agents found 111.83 grams of methamphetamine, 37 grams of marijuana, and 129.79 grams of cocaine. They also located a revolver under his mattress.

At sentencing, the district court imposed a two-level enhancement for possession of a firearm. The court also considered the entire amount of methamphetamine, marijuana, and cocaine found in Mr. Demeulenaere's home for

2

purposes of calculating his base offense level, despite the jury's verdict that count 1 involved less than 50 grams of methamphetamine and its acquittal of Mr. Demeulenaere on count 3. Although the total offense level was twenty-eight, with a criminal history category of I, the district court nevertheless departed downward two levels, ultimately sentencing Mr. Demeulenaere based on a total offense level of twenty-six. The court explained why the sentence was reasonable and indicated that it would have imposed the same sentence even if the guideline range was determined to be improperly calculated. R. Doc. 7 at 32 (Sent. Tr.).

## Discussion

Mr. Demeulenaere's argument that the district court could not consider facts contrary to the jury verdict is foreclosed by United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005). In Magallanez, we held that a sentencing court has broad discretion to consider information regarding a defendant's conduct, even when the court's view of the conduct conflicts with the jury's verdict. Id. at 684. Indeed, sentencing courts may consider conduct for which a defendant has been acquitted. See United States v. Watts, 519 U.S. 148, 149 (1997). Our holding in Magallanez is but an application of the principle that different standards of proof govern at trial and at sentencing. Magallanez, 408 F.3d at 684. "An acquittal by the jury proves only that the defendant was not guilty beyond a reasonable doubt." Id. Under the Sentencing Guidelines, and

3

even after United States v. Booker, 543 U.S. 220 (2005), sentencing courts determine relevant facts based on a preponderance standard. Magallanez, 408 F.3d at 685.

Mr. Demeulenaere asks that we revisit Mangallanez, but we may not overrule it, even if we were inclined to do so (which we are not). See United States v. Meyers, 200 F.3d 715, 720 (10th Cir. 2000) (noting that one panel may not overrule another panel). Other circuits have reached the same conclusion as we did in Magallanez, and we think the decision is soundly supported by the overwhelming weight of relevant authority. See, e.g., United States v. Valdez, 453 F.3d 252, 264 (5th Cir. 2006); United States v. Vaughn, 430 F.3d 518, 527 (2d Cir. 2005); United States v. Price, 418 F.3d 771, 788 (7th Cir. 2005); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005).

We also reject the argument that the district court could not consider uncharged conduct, specifically possession of the firearm and of certain drug quantities. See Aplt. Br. at 10-11. We have repeatedly held that uncharged conduct proven by a preponderance of the evidence may be considered in sentencing. United States v. Rodriguez-Felix, 450 F.3d 1117, 1131 (10th Cir. 2006).

In alleging that his sentence is unreasonable because it was based on factual findings contrary to the jury verdict, Mr. Demeulenaere merely retools his argument. We review the district court's legal interpretation and application of

4

the sentencing guidelines de novo, but we review its factual findings for clear error. United States v. Henry, 164 F.3d 1304, 1310 (10th Cir. 1999). We conclude that the district court made a thorough review of the facts and did not commit clear error given that it was obliged to apply a preponderance standard at sentencing. We have reviewed the district court's reasoning and agree that the sentence was reasonable based on these facts.

As a final matter, we must address Mr. Demeulenaere's pending motion seeking leave to file a pro se supplemental brief. Mr. Demeulenaere is represented by counsel and the briefs submitted are adequate to guide our decision in this case. Accordingly, Mr. Demeulenaere's motion is denied and we order his supplemental brief stricken from the record. See United States v. Nichols, 374 F.3d 959, 964 n.2 (10th Cir. 2004).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge