**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

CRAIG ALAN DEMEULENAERE,

 Defendant-Appellant.

No. 10-8017

(D.C. Nos. 08-CV-00057-CAB
& 05-CR-00108-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

 Craig Alan DeMeulenaere, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

correct sentence.[1]  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court and deny DeMeulenaere's implied application to file a second or successive § 2255 motion.

I

In February 2005, former Deputy Mark Smith of the Teton County Sheriff's Office observed drug paraphernalia in Toni Tanner's car.  Smith suggested that Tanner cooperate with law enforcement by participating in an undercover investigation of DeMeulenaere.  She agreed, and in March 2005, she assisted in a controlled drug buy.  After the drug buy, law enforcement officers arrested DeMeulenaere and searched his house, where they found a total amount of 111.83 grams of methamphetamine, 129.79 grams of cocaine, and 37 grams of marijuana. In May 2005, DeMeulenaere was indicted for (1) possessing with intent to distribute over 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(B), (2) distributing less than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and (3) possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

In August 2005, it was discovered that Tanner and Smith had been involved in a sexual relationship.  After holding an evidentiary hearing, the district court granted a continuance and rescheduled the trial to begin on January 17, 2006.

---

[1] Because DeMeulenaere is proceeding pro se, we liberally construe his pleadings.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

On the morning of January 17, 2006, the district court held a hearing on all outstanding motions. The district court denied DeMeulenaere's motions to suppress evidence and denied his request for another continuance and additional discovery.

After a jury trial, DeMeulenaere was convicted of counts one and two of the indictment, possessing with intent to distribute methamphetamine and distributing methamphetamine; he was acquitted of possessing with intent to distribute cocaine. He was subsequently sentenced to 68 months' imprisonment followed by three years' supervised release. He appealed from his sentence, which was affirmed. United States v. DeMeulenaere, 205 F. App'x 685 (10th Cir. 2006). On February 20, 2007, the Supreme Court denied his petition for writ of certiorari.

On February 20, 2008, DeMeulenaere filed a § 2255 motion to vacate, set aside, or correct sentence. In this motion, he identified two grounds for relief. First, he claimed that the government withheld or belatedly disclosed three pieces of evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963): (1) a dispatch audio tape from an unrelated traffic stop, (2) e-mails regarding the personal relationship between Tanner and Smith, and (3) an evidence bag assigned to Tanner, which contained drug paraphernalia and was found in Smith's squad car. Second, he argued that the trial court's denial of his motion for a continuance on the morning of trial violated his due process rights.

3

On January 29, 2010, the district court denied the § 2255 motion and granted a certificate of appealability. The district court reasoned that DeMeulenaere had not raised the Brady and due process/continuance issues in his direct appeal, and ordinarily would be barred from raising them in a § 2255 motion. DeMeuleneare had contended that he should be excused from this procedural bar because of ineffective assistance of appellate counsel. Thus, the district court applied the familiar framework of Strickland v. Washington, 466 U.S. 668 (1984), to determine whether his appellate counsel's performance was deficient and prejudicial to his defense. See ROA, Vol. I at 177–79. The district court analyzed DeMeulenaere's underlying issues and concluded that they were not so meritorious that he was prejudiced by counsel's failure to raise these issues on direct appeal. Because he had not established ineffective assistance of counsel, the district court concluded that he was procedurally barred from raising these issues in his § 2255 motion.

On February 24, 2010, DeMeulenaere filed a "motion to add to the record" before the district court. In this pleading, he sought to supplement the record with an automobile repair manual, and he argued that the unrelated traffic stop was unconstitutional. DeMeulenaere also mentioned several other issues including coercion of an informant, eavesdropping, unlawful search and arrest, and ineffective assistance of counsel. The district court treated this as a second or successive § 2255 motion and dismissed it for lack of subject matter

4

jurisdiction.

DeMeulenaere timely appealed the district court's denial of his § 2255 motion.

## II

In his original § 2255 motion, DeMeulenaere argued that the government withheld Brady material and the trial court erred in denying his motion for a continuance. However, in his appellate briefs, DeMeulenaere does not address the issues raised in his § 2255 motion. Instead, his arguments are focused on entirely new issues. Although we liberally construe his pro se briefs, we generally consider only those issues raised in an opening brief, see Fairchild v. Workman, 579 F.3d 1134, 1141 n.2 (10th Cir. 2009) ("Generally, the failure to raise an argument in one's initial filing will cause it to be waived."). Because he has completely failed to challenge the district court's disposition of his original § 2255 motion, those issues are deemed waived. See id.

Rather than address the district court's resolution of his original claims for relief, he has raised seven new issues in his appellate briefs.[2] But he did not

_____

[2] Specifically, he claims: (1) coercion of an informant, (2) bribery of a witness, (3) "pre-targeting with contingent fee," (4) unlawful search and seizure, (5) warrantless arrest, (6) unlawful eavesdropping, and (7) prosecutorial misconduct. Appellant's Br. at 3. DeMeulenaere contends that he requested these issues should be preserved in a pro se supplemental brief he filed on his direct appeal. However, we denied his motion to file a pro se supplemental brief and ordered it stricken from the record. See DeMeulenaere, 205 F. App'x at 687.

(continued...)

5

present these issues in his original § 2255 motion, and we see no reason to deviate from "the general rule that we do not address arguments presented for the first time on appeal." See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002).

To the extent that he presents claims that were not presented in his original § 2255 motion, we may liberally construe his pleadings and treat them as "an implied application to this court for leave to file a second § 2255 motion." See United States v. Nelson, 465 F.3d 1145, 1148–49 (10th Cir. 2006). We can certify a successive or successive § 2255 motion only if DeMeulenaere can identify "(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). However, DeMeulenaere has failed to meet these requirements, as "[h]e alleges neither newly discovered evidence nor a new rule of law that applies retroactively." Nelson, 465 F.3d at 1149.

Accordingly, we AFFIRM the judgment of the district court and DENY

---

[2](...continued)
And further, and even more detrimental to the issues he now seeks to assert, he did not raise these issues before the district court in his § 2255 motion.

DeMeulenaere's application for leave to file a second or successive § 2255 motion.

Entered for the Court


Mary Beck Briscoe
Chief Judge